BOSTON ELEVATED RAILWAY COMPANY *vs.* EDWARD
W. PRESHO & others.

Suffolk.    May 18, 1899. — July 1, 1899.

Present: HOLMES, KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Aldermen of Boston — Elevated Railway Company — Taking of Land — Assessment of Damages — Statute.*

The board of aldermen of the city of Boston have jurisdiction by virtue of § 11 of St. 1894, c. 548, entitled "An Act to incorporate the Boston Elevated Railway Company and to promote rapid transit in the city of Boston and vicinity," to assess damages suffered by a landowner whose land was taken by said company.

PETITION for a writ of prohibition against the respondents "in their capacity as the board of aldermen of the city of Boston, exercising the powers and performing the duties of county commissioners for the county of Suffolk," to restrain them from assessing damages under St. 1894, c. 548, entitled "An Act to incorporate the Boston Elevated Railway Company and to promote rapid transit in the city of Boston and vicinity." Hearing before *Morton,* J., who, being of opinion that the board of aldermen, acting as county commissioners, had jurisdiction to assess damages, declined to order a writ of prohibition to issue, and at the request of the parties reported the case for the consideration of the full court. If the board of aldermen, acting as county commissioners, had no jurisdiction, then a writ of prohibition was to issue if the damages had not been assessed; but if they had been assessed, and it was competent so to do, then a writ of certiorari was to issue and the proceedings before the board of aldermen were to be quashed. Otherwise such disposition of the case was to be made as should seem meet.

Lizzie T. Thoits, the person whose land was taken, filed a motion to be admitted as a party respondent; the judge overruled the motion but allowed counsel for her to address the court as *amicus curiæ* in behalf of the jurisdiction of the board of aldermen as county commissioners.

*G. C. Travis,* for the petitioner.

*T. M. Babson,* for the respondents.

*B. H. Greenhood,* appeared as *amicus curiæ.*

HOLMES, J.  This is a petition for a writ of prohibition to prevent the board of aldermen of the city of Boston from adjudicating the damages suffered by a landowner whose land was taken by the petitioner under § 11 of its charter.  St. 1894, c. 548.  The question is whether that somewhat blind section gives jurisdiction to the above mentioned board.

After authorizing the petitioner to take land for the purpose of constructing its railway, etc., the section goes on : " and for such purposes may take any private property in the manner in which land may be taken for the construction of railroads as set forth in sections ninety-five, ninety-six, and ninety-seven of chapter one hundred and twelve of the Public Statutes."  These are the words relied on by the respondents.  The section then requires the petitioner to pay all damages, etc., and concludes : " such damages on the application of either party shall be estimated and determined in the manner provided in reference to the assessment of damages occasioned by the laying out of highways."  These are the words relied on by the petitioner.  The argument for the petitioner is admitted by it to require at least the rejection of the reference to sections ninety-five and ninety-six of the railroad act.  That for the respondents requires a somewhat unnatural interpretation of the words in which that reference is made, and a restriction of the later words by which the manner of estimating the damages is to be the same as in the case of highways.

We are unable to reject the express reference to Pub. Sts. c. 112, §§ 95, 96, and 97.  It is true that those sections do not prescribe a manner of taking in the usual and literal sense of the words referring to them.  They authorize a taking and prescribe a manner of estimating damages, upon the application of either party to the county commissioners.  But the words referring to those sections clearly enough show the intent to adopt their contents, and only need to be taken with a vagueness not exceeding the common latitude of speech.  In § 97 there is a special provision for security to those whose land is taken.  In view of the experimental nature of the system of construction approved by the act of 1894, we cannot doubt that it was intended to give persons whose land should be taken by the petitioner the benefit of this provision.  But if we once

admit that some part of the reference to the manner of providing for payment of damages was made understandingly, it is more difficult than ever to suppose that the rest of it was made through mistake.   If not, then we have a consistent scheme, and a right of either party to apply to the county commissioners within three years, for the assessment of damages as well as for the security for which, as we have said, it must have been intended to provide.

In some way or other the last part of the section which we are trying to construe (St. 1894, c. 548, § 11) must be reconciled with this view.   The last part of § 11, it will be remembered, adopts the manner of assessing damages in highway proceedings. One of the incidents of a complete adoption of that manner would be that petitions of landowners in Boston would go before the street commissioners, Pub. Sts. c. 49, § 84, instead of before the board of aldermen.   As the plaintiff's charter contemplates its having lines in different counties, and as there is no reference in terms either to aldermen or to street commissioners, possibly either substitute for the county commissioners in Boston would be consistent with the retention of the reference to Pub. Sts. c. 112, §§ 95 and 96.   But the contrary is assumed by the petitioner, and we agree that the retention of the reference to those sections more naturally would be taken to refer petitions for damages to the tribunals sitting in railroad cases, that is to say in Boston cases to the board of aldermen, who also are the general representatives in Boston of county commissioners.   We think that the reference to highway proceedings is sufficiently accounted for if it be regarded as a sort of drag-net intended to secure to landowners whatever rights could be secured in that way which were not already provided for by the reference to Pub. Sts. c. 112, §§ 95–97.   It may be that it will be necessary to rely upon it to secure both parties a trial by jury, as that matter is not dealt with in the chapter on railroads until § 99.   How this may be we express no opinion at the present time.   We are of opinion that the board of aldermen have jurisdiction of the case before them.

*Petition denied.*